FILED
MARCH 9, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 22 2010
Feb 22, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Vandaire Knox, Plaintiff
v.
Cook County
Thomas Dart
Director of Cermak Health Services, Dr. Hart
Leonard Bersky
Dr. K. Sims

Case No.

10 C 1186
Judge Robert W. Gettleman
Magistrate Judge Martin C. Ashman

## CIVIL RIGHTS COMPLAINT

Plaintiff, Vandaire Knox, pro se hereby respectfully and in good faith, brings this Complaint against defendants and aver:

### NATURE OF CLAIM

1. This action arises under the United States Constitution, Illinois State Constitution and laws of the United States. Specifically the Civil Rights Act of 1871 (42 USC § 1983), to redress the deprivations of the civil rights of Plaintiff through acts and/or omissions of defendants committed under color of state law. Specifically herein, defendants deprived Plaintiff of his rights under the Eighth and Fourteenth Amendments to the Constitution of the United States as a pretrial detainee within the custody and care of Cook County.

2. Additionally, Plaintiff relies upon this Court's supplemental jurisdiction to assert the Illinois State Supplemental Claim of Recklessness, intentional infliction of pain, deliberate indifference with a callous disregards of Plaintiff's Constitutional rights

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 USC §§ 1343, 1331, and 1367

4. Venue lies in the United States District Court, Northern District of Illinois pursuant to 28 USC § 1391, because all events or omissions giving rise to this claim occurred in this district.

5. At all times herein mentioned, Plaintiff was and is a citizen of the United States and resides within the jurisdiction of the Court, and is currently a pretrial detainee in the Cook County Jail.

6. At all times herein mentioned, Defendant K. Sims, were and still is a doctor of Cermak Health Services of Cook County, and is responsible for ensuring that the practices of Cermak Health Service comply with Federal and State requirements for treatment of detainees as he provide care for the detainees, and were acting under color of state law as an employee or agent of Cook County, 2800 South California Ave., Division 9, Chicago, IL. 60608. Dr. Sims is being sued in his individual capacity.

7. At all times herein mentioned, Defendant Leonard Bersky was the former Chief Operating Officer of Cermak Health Services, was responsible for ensuring that the practices of Cermak Health Services comply with federal and state requirements for treatment of detainees throughout his tenure he implemented, and were acting under color of state law as an employee or agent of Cook County, 2800 South California Ave., Chicago, IL. 60608. Leonard Bersky is being sued in his individual capacity.

8. At all times herein mentioned, Defendant Dr. Hart is the Director of Cermak Health Services of Cook County, is responsible for ensuring that practices of Cermak Health Services comply with federal and state requirements for treatment of detainees, implementing and enforcing the policies, practices and procedures at issue in this case, is responsible for ensuring that medical concerns of pretrial detainees are sufficiently met in a reasonable amount of time, and were acting under color of state law as an employee or agent of Cook County, 2800 South California Ave., Chicago, Illinois 60608. Director Dr. Hart is being sued in his individual capacity.

9. At all times herein mentioned, Defendant Thomas Dart was and still is the elected Sheriff of Cook County, Warden of Cook County Jail, is responsible for the health and safety concerns of pretrial detainees under his custody and care at the Cook County Jail will be met, and were acting under color of state law as an employee or agent of Cook County, 50 West Washington Street, Rm 704, Richard J. Daley Center, Chicago, IL. 60602. Thomas Dart is being sued in his individual and official capacity.

10. At all times mentioned herein, Defendant Cook County is a county and local government duly organized under the laws of the state of Illinois. Defendant Cook County maintained, managed and/or operated Cook County Jail and Cermak Health Services of Cook County.

## STATEMENT OF FACTS

11. In May 2009, While at Stateville Correctional Center, Plaintiff was sent to the U.I.C. Medical Center for a MRI scann to his left knee; and the doctors there wanted to make surgery the last option, so the doctor order for Plaintiff to be placed in therapy.

12. On September 3rd 2009, Plaintiff was transfered to the Cook County Jail and on September 4th 2009, While housed in Division 9, Plaintiff was called to the Cermak dispensory and was seen by Dr. Sims who examined him and referred him to see a bone specialist doctor at the Cermak Health Services Hospital.

13. That for about one month and one week, Plaintiff was subject to endure ongoing excruciating pain that affected his ability and condition to properly walk.

14. On October 13th 2009, Plaintiff was called over to Cermak Health Services hospital and was seen by Dr. J. Kapotas who removed Plaintiff's left knee brace and took X-rays.

15. That Dr. J. Kapotas thereafter ordered pain medication, (Motrin 800 mg x 4 wks) prescribed Plaintiff to wear his personal shoes to support his knee and scheduled Plaintiff to start therapy for his left knee.

16. That throughout the month of October, Plaintiff did not receive any therapy.

17. That on November 3rd 2009, Plaintiff submitted a medical request slip informing medical staff that he is to have therapy to his left knee and was put in by Dr. J. Kapotas.

18. That on November 12th 2009, Plaintiff submitted another medical request slip concerning him being put in for therapy and he is constant pain

19. On November 20th 2009, Plaintiff submitted another request medical slip informing medical staff that his knee had begin to swell.

20. On November 29 2009, Plaintiff again submitted a medical request slip about his urgent need for prescribed therapy, however, those requests went continuously unanswered.

21. On November 30th 2009, Plaintiff filed a grievance asserting that he was prescribed therapy to his needed medical problem whereas his knee is very painful and he need to rehabilitate, and also continued to submit medical request slips about the pain in his knee, but has not yet received it.

22. On December 7th 2009, Plaintiff was called to Cermak Hospital to see Dr. C. Zawitz who examined me and determined that I needed a MRI scann, to find out what was causing the excruciating pain; Dr. Zawitz scheduled me to go to an outside facility and resubmitted the therapy prescription for rehabilitation and pain medication.

23. Plaintiff continued to submit medical request slips about his therapy and constant pain to his left knee. However, the defendants delayed, denied and were deliberate indifference to Plaintiff's serious medical needed issues.

24. On December 22nd, 2009, Plaintiff appealed the grievance, but the officials and Cermak Health Services staff continued to delay deny and/or act recklessly with a callous disregard for plaintiff's constitutional rights to his medical needs which constituted a deliberate indifference to a serious medical need.

25. Plaintiff sent a letter to Thomas Dart asking to ensure that he receive his prescribed therapy and medical treatment in a reasonable amount of time to help him rehabilitate his painful knee, Plaintiff received no response.

26. As a result of the defendants' Dr. K Sims, Leonard Bersky, Director Dr. Hart and Thomas Dart's actions and/or omissions which constituted a deliberate indifference to the serious medical needs of Plaintiff, delaying, denying and/or interfering with his prescribed therapy. Plaintiff sustained injuries, humiliation and indignities, and endure serious physical, mental and emotional pain to his damages.

27. The aforementioned acts of the defendants were willful, wanton, malicious and sadistical, and done recklessly with a callous disregard for the Plaintiff's constitutional rights, demonstrating a deliberate indifference and justify the awarding of compensatory and punitive damages.

COUNT 1

28. Plaintiff against individual defendants Dr. K. Sims, Leonard Bersky, and Dr. Hart for Recklessness and/or deliberate indifference to a serious medical need.

29. Plaintiff incorporates and realleges paragraphs 1-27 as though set forth herein their entirety

30. The unreasonable and undue delay/denial of medical care and therapy inspite of the known medical problems and pain that Plaintiff were suffering from, was willfully and wantonly and amounted to cruel and unusual punishment without due process or equal protection of law, and thus exhibited a deliberate indifference on the part of the defendants Dr. K Sims, Leonard Bersky and Dr. Hart to the serious medical needs of Plaintiff.

31. By reason of the conduct of the defendants, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Eighth and Fourteenth Amendments to the United States Constitution and laws enacted thereunder. Therefore, the defendants are liable to Plaintiff pursuant to 42 USC § 1983

## Count 2

32. Plaintiff against defendants Thomas Dart and Cook County for maintaining unconstitutional policies and/or customs of deliberate indifference

33. Plaintiff incorporates and realleges paragraphs 1-27 as though set forth in their entirety.

34. Prior to September 2009, the defendants Thomas Dart, Sheriff of Cook County, Warden of Cook County Jail and Cook County, developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of pretrial detainees housed in the Cook County Jail.

35. Inspite of censure by the United States Department of Justice and numerous grievances filed by pretrial detainees throughout 2009, Thomas Dart and Cook County maintained a policy and/or custom of not providing medical care and therapy, and/or failed to provide medical care and therapy in a constitutionally reasonable amount of time for pretrial detainees under their custody and care.

36. Thomas Dart and Cook County failed to institute an effective policy and/or custom that would ensure pretrial detainees medical needs were efficiently and timely met and address

37. Cook County maintained a policy and/or custom of understaffing Cermak Health Services of Cook County at Cook County Jail with sufficient complete doctors and doctor's assistants by writing out of the County's budget, limiting doctors.

38. The policy and/or custom of Cook County and Thomas Dart of failing to provide therapy and failing to treat Plaintiff's serious medical condition was the direct cause of the Constitutional violation.

39. Defendants Thomas Dart and Cook County knew that the limited doctors at Cermak Health Services was Constitutionally insufficient to address the medical concerns of 10,000 plus pretrial detainees and that no restorative care could be provided to pretrial detainees

40. Although Thomas Dart do not control Cermak Health Services or employ the Defendants Dr. Sims, Leonard Bersky and Dr. Hart, Thomas Dart is responsible for the medical needs of the Plaintiff and did not provide an alternate means of making sure Plaintiff's medical care was met. This constituted a Policy and/or Custom of deliberate indifference.

41. The Defendant Dr. K. Sims knew that as a result of the policies and/or customs of defendant Cook County to understaff Cermak Health Services, and defendant Thomas Dart to not provide an alternate means of access to medical care for pretrial detainees at Cook County Jail, defendant K. Sims knew it was mathematically unreasonable and impossible for him to provide timely and adequate medical care for 10,000 plus detainees. On September 3rd 2009, defendant Dr. Sims put Plaintiff out of the medical examining room during intake process and this matter is under investigation. Dr. K. Sims knew as a result of Thomas Dart and Cook County's forementioned policies and/or customs, that he could personally select or refuse to which detainee he would provide medical care for, including type and quality, and he knew he would not be suspended or terminated for his discriminated practices.

42. The aforementioned policies and/or customs demonstrated a deliberate indifference on the part of Thomas Dart and Cook County which by reason of such actions or omissions, policies and/or customs, Plaintiff was deprived of rights, privileges, and immunities secured to him by the eighth and Fourteenth Amendments to the United States Constitution and laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42 USC § 1983.

43. Defendant Cook County is liable pursuant to the Doctrine of Respondeat Superior

## Count 3

44. Plaintiff against individual defendants Dr. K. Sims, Leonard Bersky and Dr. Hart for the Illinois state Supplemental Claim of Recklessness, intentional infliction of pain, deliberate indifference with a callous disregards of Plaintiff's Constitutional rights

45. Plaintiff incorporates and re-alleges paragraphs 1-27 as though set forth herein their entirety.

46. Defendants' actions and/or omissions of delaying and/or providing selective medical care to Plaintiff for medical problems and pain suffered from which the defendants were aware of, exhibited an intentional infliction of pain, and/or reckless disregards for the medical health and needs of plaintiff.

47. As a direct result of the defendants' acts and/or omissions, Plaintiff was injured and suffered physical and emotional pain.

48. Plaintiff was subjected to such aforementioned pain in the excess of 5 months as a result of the actions and/or omissions of the defendants; they therefore are liable to Plaintiff under Illinois law for the State Supplemental Claim of Recklessness, intentional infliction of pain and deliberate indifference.

## Relief

WHEREFORE, Plaintiff, Vandaire Knox, pro se prays for judgment against the Defendants Dr. K. Sims, Leonard Bersky, Director of Cermak Health Services Dr. Hart, Thomas Dart and Cook County, jointly and in Severally, in the amount in excess of Seventy Five Thousand And 00/100 Dollars ($75,000.00) in Compensatory damages and Fifty Thousand And 00/100 Dollars ($50,000.00) in Punitive damages, plus Court cost, fees, and award of attorney's fee pursuant to 42 USC § 1988 and the Equal Access to Justice Act.

## COUNT 4 INDEMINIFICATION

1-27 Plaintiff hereby incorporates and re alleges his allegations of paragraphs 5-27 of his complaint as his respective allegations of paragraphs 1-27 of count 4 as though fully set forth herein their entirety.

28. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities

29. WHEREFORE, Plaintiff prays that a judgment is ordered against the defendants that they are liable to Plaintiff for damages

### PLAINTIFF HEREBY DEMAND A JURY TRIAL

### CERTIFICATION

By signing this complaint, I certify that the facts stated herein are true to the best of my knowledge, information and belief. I understand that if this certification is incorrect, I may be sanctioned by the court under the penalty of perjury.

Signed this 4th day of February 2010

/s/

Vandoire Knox

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: VanDaire Knox vs. Dr. Kevin Simms

B. Approximate date of filing lawsuit: 2006

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: VanDaire Knox

D. List all defendants: Kevin Simms

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District of Illinois

F. Name of judge to whom case was assigned: Unknown

G. Basic claim made: Lack of medical treatment

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Settled

I. Approximate date of disposition: 2007

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Part-A / Control #: 2009x 2589

Referred To: CERMAK

Emergency Grievance!
This is not a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: Knox        First Name: VanDaire

ID #: 2009-0058794   Div.: 9   Living Unit: 2-G   Date: 11/30/09

BRIEF SUMMARY OF THE COMPLAINT: On 10/13/09, I Knox, VanDaire was called over to Cermak to see the bone doctor about my left knee. He took x-rays of my knee, an order for me to be in therapy, and to keep my personal shoes for support for my knee. Today is 11/30/09, 47 days after he put me in, I have yet to go to therapy or see the doctor again about the pain I'm having in my knee!

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: The doctor in Cermak who put me in for therapy.

ACTION THAT YOU ARE REQUESTING: To go to therapy!

DETAINEE SIGNATURE: [signature]

C.R.W. SIGNATURE: Roy [signature]   DATE C.R.W. RECEIVED: 12/10/09

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Part – B / Control #: 2009x2589

# C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: **KNOX**  First Name: **VanDaire**  ID#: **20090058799**

Is This Grievance An **Emergency**?  YES ☐  NO ☑

C.R.W.'S Summary Of The Complaint: **Detainee alleges lack of medical treatment**

C.R.W. Referred Griev. To: **Cermak**  Date Referred: **12/10/09**

Response Statement: **Referred to Div. Physician**

Print name: **C. Smith**  Signature  Date: **12/15/09**  Div./Dept.: **CK**
(print- name of individual responding to this griev.) (signature of individual responding to this griev.)

Print: **Lt. D. Grochowski**  Signature  Date: **22 Dec 09**  Div./Dept.: **Div 9**
(print - name of Supt. / Designee / Dept. Admin.) (signature of Supt. / Designee / Dept. Admin.)

Print: **J. Mueller**  Signature  Date: **12/15/09**
(print - name of Prog. Serv. Admin./ Asst. Admin.) (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: **12/22/09**  Detainee Signature: X _Vandaire Cox_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: **12/22/09**

Detainee's Basis For An Appeal: **I still haven't been to therapy yet as of today 12/22/09**

Appeal Board's Acceptance Of Detainee's Request:  YES ☐  NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:

Appeal Board's Signatures / Dates:

Date Detainee Rec'd the Appl. Bd.'s Response: ___/___/___  Detainee Signature: _____

GRIEVANCE CODE(S): (____) (____) (____) (____)

(WHITE COPY – PROG. SERV.)  (YELLOW COPY – C.R.W.)  (PINK COPY – DETAINEE)  (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Part-A / Control #: 2009 X 1592

Referred To: Cermak

☐ Processed as a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: KNOX  First Name: VANDAIRE

ID #: 2009-0058794  Div.: 9  Living Unit: C-1  Date: 9/7/09

BRIEF SUMMARY OF THE COMPLAINT: I Knox Vandaire came to Cook County Jail September 3, 09 from Stateville Correctional Center. During processing I had to see a doctor because I have asthma, seziures and I wear a knee brace & back supporter. The doctor that called me was Kevin Simms who ask me what type of medications I take for my seziures in which I said Dilantin 500 mg. Mr Simms yelled stating "that's impossible you'll be dead get out"!
Now after he put me out I was not allow to see another doctor nor did I receive any medicine for my seziures or knee & back pains that night.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING:

**DETAINEE SIGNATURE:**

C.R.W.'S SIGNATURE: _____  DATE C.R.W. RECEIVED: 1/1/09

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY - PROG. SERV.)  (YELLOW COPY - C.R.W.)  (PINK COPY - DETAINEE)  (GOLDENROD COPY - DIVISION/SUPT. OFFICE)

Part – B / Control # 2009 X 1842

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF A DETAINEE*

Detainee's Last Name: Kick    First Name: Vandine    ID# 2009-0055799

Is This Grievance An **Emergency**?    YES ☐    NO ☑

C.R.W.'S Summary Of The Complaint: Detainee alleges unprofessional conduct by medical staff

C.R.W. Referred Griev. To: Cermak    Date Referred: 9/11/09

Response Statement: Referred to Medical Director

_____ - _____ Date: 9/11/09 Div./Dept. CHS
(print- name of individual responding to this griev.) (signature of individual responding to this griev.)

W. Thomas - ___#28 Date: 15 Sept 09 Div./Dept. IX
(print - name of Supt. / Designee / Dept. Admin.) (signature of Supt. / Designee / Dept. Admin.)

J. Mueller - _____ Date: 9/11/09
(print - name of Prog. Serv. Admin./ Asst. Admin.) (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: 9/15/09    Detainee Signature: _____

### REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: 9/18/09

Detainee's Basis For An Appeal: Referred to Medical Director does not make this action better!

Appeal Board's Acceptance Of Detainee's Request:    YES ☐    NO ☒

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:
Per CHS ADMIN, THERE IS AN ACTIVE INVESTIGATION At this time

Appeal Board's Signatures / Dates: _____ V. Abyan dy    12/4/09

Detainee Receipt of the Appt. Bd.'s Response: ___/___/___    Detainee Signature: _____

GRIEVANCE CODE(S): (____) (____) (____) (____)

(WHITE COPY – PROG. SERV.)  (YELLOW COPY – C.R.W.)  (PINK COPY – DETAINEE)  (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

**DETAINEE COPY**