UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Vandoire Knox

v.

Cook County et al

Case No. 10 C 1186

Judge Robert W. Gettleman

Magistrate Judge Martin C. Ashman

FILED
MAR 22 2010
Mar 22 2010
CLERK, U.S. DISTRICT COURT

MOTION TO RECONSIDER REVIEW OF COMPLAINT
COURT ERRONEOUSLY DISMISSED DEFENDANTS

Now Comes the Plaintiff Vandaire Knox, and respectfully moves this Honorable Court pursuant to the Federal Rules of Civil Procedure to reconsider review of his complaint to determine if there was an error in dismissing the defendants from his complaint. In support thereof, Plaintiff aver.

1. That he is the Plaintiff in the entitled Caused and is currently incarcerated at the Cook County Jail

2. That the Court overlooked and/or misunderstood his complaint as to the defendants Cook County, Thomas Dart, Dr. Hart and Leonard Bersky; who were deliberate indifferent to his serious medical needs.

3. That the Court erroneously dismissed the defendants Thomas Dart, Dr. Hart, Leonard Bersky and Cook County alleging in their statement that Plaintiff are seemingly suing the defendants in their supervisory capacities, which is incorrect.

4. That he gave each defendants, Thomas Dart, Leonard Bersky and Dr. Hart notice of his claim through grievances and by letter, and they were deliberate indifferent to his needs.

5. That on November 30th 2009 he wrote a letter to Thomas Dart with a notice of service attached dated December 1st 2009, putting Thomas Dart on notice of his medical needs, on September 7th and November 30th, 2009 Plaintiff filed two grievances which were referred to Cermak and Director Dr. Hart, and Leonard Bersky being the Chief operating official of Cermak, also had notice and failed to provide Plaintiff medical care acting with deliberate indifference to his medical needs.

6. That Cook County and Thomas Dart maintained unconstitutional policies and/or customs of deliberate indifference, and Cook County managed, and/or operated Cook County Jail and Cermak Health Services, whereby they failed to provide medical care and therapy in a constitutionally reasonable amount of time for pretrial detainees under their custody and care, as well as other policies. (See complaint)

7. All of the defendants were made aware of Plaintiff's serious medical needs and ignored it, and were reckless and deliberate indifferent to his medical needs as asserted in his complaint and therefore the defendant are all liable and cannot be dismissed at this stage.

8. Although Plaintiff did assert that Cook County is liable pursuant to the Doctrine of Respondeat Superior, (see 43 of complaint) he also asserted claims of customs and policies that demonstrated a deliberate indifference on the part of defendants Thomas Dart and Cook County.

9. That the defendants Dr. Hart, Leonard Bersky are being sued in their individual capacity for their deliberate indifference to plaintiff's medical needs after notice was given through grievances and medical requests. Defendant Thomas Dart is being sued in his individual and official capacity after being given notice by letter and failing to respond and is liable through Cook County for his official capacity. Cook County is liable for managing, maintaining and operating Cook County Jail and Cermak Health Services whose policies demonstrated a recklessness and deliberate indifference with a callous disregards for Plaintiff's constitutional rights as a pretrial detainee under their custody and care.

10. Pursuant to 745 ILCS 10/2-302, Illinois law provides that Cook County, a public entity is directed to pay tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

WHEREFORE, Plaintiff prays that this Honorable Court review his complaint and find that the defendants are liable and correct the error of dismissing the defendants, and summons them to answer.

Respectfully Submitted

/s/

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1186 | **DATE** | 3/9/2010 |
| **CASE TITLE** | Vandaire Knox (#2009-0058794) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes the Cook County Jail trust fund account officer to begin making deductions from Plaintiff's fund account in accordance with this order until the entire $350 filing fee is paid. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, Defendants Cook County, Tom Dart, Dr. Hart, and Leonard Bersky are dismissed as Defendants. The Clerk is directed to issue summons for Defendant Dr. K. Simms, and the United States Marshals Service is appointed to serve him. On the Court's own motion, counsel is appointed for Plaintiff. The Court appoints Peter G. Skiko, Swanson, Martin & Bell, 330 North Wabash, Suite 3300 Chicago, IL 60611 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

■ [For further details see text below.]  
Docketing to mail notices.

## STATEMENT

Plaintiff, Vandaire Knox, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Cook County; Sheriff Tom Dart; Director of Cermak Health Services, Dr. Hart; Leonard Bersky; and Dr. Simms violated his constitutional rights by failing to provide adequate medical care for a serious medical condition at the Cook County Jail. More specifically, Plaintiff alleges that he was denied care for his left knee. He alleges he suffers from excruciating pain in his knee and although he was prescribed therapy for his knee he never received it. Defendants Tom Dart, Dr. Hart, and Leonard Bersky are seemingly sued in their supervisory capacities.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $16.80. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
**(CONTINUED)**

AWL

## STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against Defendant Dr. K. Simms. *Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006).

However, Plaintiff's complaint must be dismissed as to Defendants Cook County, Tom Dart, Dr. Hart, and Leonard Bersky as Plaintiff's allegations seeking to hold them liable for their supervisory roles in the running of Cook County, Cook County Jail and Cermak Health Care Services fail to state a claim. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). The plaintiff has alleged no facts suggesting their direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Defendants Dart, Hart, and Bersky hold supervisory positions is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Dart, Hart, and Bersky were personally involved in or even aware of the alleged circumstances giving rise to the complaint, they are dismissed as Defendants in this matter.

With regard to Cook County, a municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). In the case at bar, Plaintiff does not suggest that there was an unconstitutional municipal policy or custom. There is therefore no basis for liability on the part of Cook County.

The Clerk shall issue summons for service of the complaint on Defendant Dr. K. Simms. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant Dr. K. Simms. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant Simms with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant Simms. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections or Cermak Health Services shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should

**(CONTINUED)**

## STATEMENT

a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant Simms in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      On the Court's own motion, counsel is appointed for Plaintiff. The Court hereby appoints Peter G. Skiko, Swanson, Martin & Bell, 330 North Wabash, Suite 3300 Chicago, IL 60611 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

      This matter is set for an initial status on _____ at 9:15 a.m.

Certificate of Service

I, VanDaire Knox, swear under penalty of perjury that I served a copy of the attached document on Judge Robert W. Gettleman, by placing it in the mail at the Cook County Jail on 3/17/10.

Sincerely,
VanDaire Knox #2009-0058794
Div 9, 2-G
P.O. Box 089002
Chgo, Ill. 60608

Case #: 10 C 1186