IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANDAIRE KNOX, ) | |
| ) | |
| Plaintiff, ) | No. 10 CV 1186 |
| ) | |
| v. ) | Judge: Robert W. Gettleman |
| ) | |
| KEVIN E. SIMS, the COOK COUNTY ) | |
| SHERIFF, and COOK COUNTY ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION BY KEVIN E. SIMS AND COOK COUNTY TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, TO BIFURCATE *MONELL* CLAIMS**

NOW COME Defendants KEVIN E. SIMS and COOK COUNTY, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, by her assistant, PATRICK SMITH, and, pursuant to Federal Rule of Civil Procedure 12(b)(6), move this Court to dismiss Plaintiff's Amended Complaint. In the alternative, Defendants move this Court to bifurcate and stay discovery on Plaintiff's *Monell* claim against Cook County. In support, Defendants state as follows:

**INTRODUCTION**

Plaintiff brings this action under 42 U.S.C. Section 1983 alleging that Defendant Sims was deliberately indifferent to Plaintiff's knee injury, seizures and back pain. Plaintiff alleges in his Amended Complaint that on September 3, 2009, he was seen by Defendant Sims during intake and processing at Cook County Jail. (Dkt. 18, ¶ 27.) Defendant Sims allegedly ordered Plaintiff out of his office after informing Plaintiff that the dosage reported by Plaintiff for seizure medicine was too high. (Dkt. 18, ¶ 28.) The following day, Defendant Sims did examine Plaintiff and referred him to a bone therapist "regarding the pain in [his] knee." (Dkt. 18, ¶ 29.)

Plaintiff does not allege any further involvement by Defendant Sims past his examination and referral on September 4, 2010.

## STANDARD OF REVIEW

"A dismissal under Rule 12(b)(6) is required if the facts pleaded in the complaint fail to describe a claim that is plausible on its face." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010) (citing *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949-50 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Although, on a motion to dismiss, courts must take all of the factual allegations in the complaint as true, judges "are not bound to accept as true a legal conclusion couched as a factual allegation.")).

"The allegations in the complaint 'must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *George v. NCAA*, 2010 U.S. App. LEXIS 14571, *5 (7th Cir. July 16, 2010) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); *Twombly*, 550 U.S. at 555). Further, a plaintiff can "unwittingly plead himself out of court by asserting facts that preclude relief." *White v. Monohan*, 326 Fed. Appx. 385, 387 (7th Cir. 2009).

## ARGUMENT

**I.  Plaintiff does not meet the standard for deliberate indifference because he does not allege an objectively serious medical condition that Defendant Sims was deliberately indifferent to his condition, or that he suffered any injury as a result of Defendant Sims' alleged conduct.**

A pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "In evaluating the

2

constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Wolfish*, 441 U.S. at 535; *see also Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005). "'Punishment' in such a case is really just a name for unreasonably harsh treatment meted out to inmates who have not yet been convicted of any crime." *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005).

The standards for deliberate indifference claims under the Eighth and Fourteenth Amendments are interchangeable. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) (citing *Williams v. Rodriquez,* 509 F.3d 392, 401 (7th Cir. 2007)). "To succeed on [a deliberate indifference] claim, [a plaintiff] must show (1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Further, a plaintiff must show that "this indifference caused [him] some injury." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

When determining whether an inmate has a deliberate indifference claim, "we must examine the *totality* of an inmate's medical care when considering whether that care evidences deliberate indifference to his serious medical needs." *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997) (emphasis added). Further, "[a] finding that a defendant's neglect of a prisoner's condition was an 'isolated occurrence,' . . . or an 'isolated exception' . . . to the defendant's overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference." *Id.*

In this case, Plaintiff fails to state a claim for deliberate indifference because he does not allege that he had an objectively serious medical condition, that Defendant Sims acted with

3

deliberate indifference to this condition, or that he suffered any injury as a result of Defendant Sims' conduct.

      A.      <u>Plaintiff does not allege an objectively serious medical condition.</u>

"An objectively serious medical condition is one that 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Gayton*, 593 F.3d at 620 (7th Cir. 2010) (quoting *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008)). "A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Id*.

In the case at bar, Plaintiff claims he suffered from a knee injury in Spring 2006. (Dkt. 18, ¶ 13.) Plaintiff further claims that he suffered from seizures and back pain. (Dkt. 18, ¶ 27.) However, he does not allege that any of these conditions are objectively serious, or that a one-day delay in treatment would cause further significant injury or wanton infliction of pain. Plaintiff alleges that at some point between September 5 and October 12, 2009, he experienced "excruciating" pain in his knee, which prevented him from "walking properly." (Dkt. 18, ¶ 36.) This pain, at the earliest date alleged, occurred *after* he was seen by Defendant Sims on September 4, 2009 and referred to a specialist for treatment. (Dkt. 18, ¶¶ 30, 36.)

Further, Plaintiff pled himself out of court when he claimed that his *Monell* claim rests upon Cook County's failure to respond to "detainee grievances that do *not* present severe or life-threatening medical concerns." (Dkt. 18, ¶ 91,) (emphasis added). Plaintiff alleges further that Cook County's failure to respond to grievances that are *not* severe "proximately caused the deprivation of Knox's right to receive necessary medical treatment." (Dkt. 18, ¶ 92.) Through these statements, Plaintiff pleads that his conditions are not a severe medical concern.

4

A claim of deliberate indifference requires that the medical condition be "objectively serious." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Failing to allege an objectively serious medical condition precludes Plaintiff from proceeding under the claim of deliberate indifference. Through his pleadings, Plaintiff has pleaded himself out of court, and his claim must be dismissed for failing to state that he has an objectively serious medical condition.

    B.    <u>Plaintiff does not sufficiently allege that Defendant Sims was deliberately indifferent to his alleged medical need nor that Sims denied treatment.</u>

To show that a Defendant was deliberately indifferent to an objectively serious medical condition, Plaintiff must show that the official "acted with the requisite culpable state of mind." *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999). The two components of this inquiry are that "[t]he official must have subjective knowledge of the risk to the inmate's health, and the official must disregard that risk." *Gayton*, 593 F.3d at 620 (7th Cir. 2010); *See also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference,"). Proving deliberate indifference requires "more than a showing of negligent or even grossly negligent behavior." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007). "Rather, ''deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred.'" *Gayton*, 593 F.3d at 620 (quoting *Quian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999)).

Plaintiff alleges that Defendant Sims ordered Plaintiff from his office on September 3, 2009. (Pl. Am. Compl., Dkt. 18, ¶ 28.) Plaintiff further alleges that Defendant Sims conducted an examination of Plaintiff and referred him to a bone therapist the day after Plaintiff was allegedly ordered out of Defendant's office. (Dkt. 18, ¶ 30.) Plaintiff's claims against

5

Defendant Sims rest solely upon his not receiving treatment the day of his first visit with Defendant Sims. Plaintiff's only claim for deprivation as a result of this denial is that he was unable to see another physician *that day*. (Dkt. 18, ¶ 29.) Plaintiff fails to allege that Defendant Sims' conduct meets the standard of mere negligence, let alone recklessness or deliberate indifference. Plaintiff merely states that Defendant Sims declined to treat him until the next day, which caused Plaintiff no unnecessary pain or injury.

    C.    <u>Plaintiff did not suffer any injury as a result of Defendant Sims' conduct.</u>

Ultimately, in order to state a claim for deliberate indifference, a plaintiff must show that "[defendant's] indifference caused [him] some injury." *Gayton*, 593 F.3d at 620 (7th Cir. 2010). Plaintiff fails to set forth any allegation that he suffered any injury as a result of his having to get a referral the day after he was told to leave Defendant Sims' office. Plaintiff does allege that he began to undergo "excruciating pain" in his knee between September 5, 2009 and October 13, 2009. (Dkt. 18, ¶ 36.) But even by assuming that this pain occurred at the earliest stated date, that was the day *after* he received his referral from Defendant Sims to see a bone therapist for treatment. (Dkt. 18, ¶ 36.) As it relates to his other alleged conditions, Plaintiff states that he did not receive his seizure medication until October 2009, but does not claim that this delay caused him any injury. (Dkt. 18, ¶ 35.) Plaintiff fails to state that he suffered any injury as the result of the conduct of Defendant Sims. Without suffering any injury, Plaintiff cannot recover, and his suit should be dismissed.

Plaintiff fails to establish any of the three components required to state a claim for deliberate indifference. Plaintiff did not have an objectively serious medical condition, did not establish that Defendant Sims was deliberately indifferent to that condition, and did not suffer an injury as the result of Defendant Sims' conduct. Because Plaintiff's Amended Complaint does

6

not meet the standards of a deliberate indifference claim, his claim must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### II. Count II of Plaintiff's Amended Complaint is identical to Count I.

Count II of Plaintiff's Amended Complaint should be dismissed because it is identical to Plaintiff's Count I. Plaintiff attempts to cloak Count II of his Amended Complaint as a cause of action independent of his Count I Deliberate Indifference claim. However, he makes no independent arguments aside from bare recitation of the Fourteenth Amendment. Plaintiff asserts that Defendants violated his "right" in Count II. (Dkt. 18, ¶ 10.) The alleged deprivation of rights in Count II is identical in substance to the deprivation alleged in Count I. For this reason, Defendants assert the same arguments in response to Plaintiff's Count II as laid out above in response to Count I of Plaintiff's Amended Complaint.

### III. Plaintiff's *Monell* count against Cook County does not state a claim upon which relief can be granted.

Plaintiff claims, pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), that he was deprived of his "right to receive necessary medical treatment" by "Cook County['s] custom of completely ignoring detainee medical requests that do not present severe and life-threatening medical concerns." (Pl. Am. Compl., Dkt. 18, ¶¶ 91-92.)

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *James v. Ill. Dep't of Corr.*, 10-cv-067, 2010 U.S. Dist. LEXIS 96811, *5 (S.D. Ill. Sept. 16, 2010) (quoting *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995)). "[T]he failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution." *James*, at *5 (citing *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992);

*Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982)). "Any right to a grievance is a procedural one, not substantive. Correctional officials' failure to process the plaintiff's grievances is therefore not actionable under Section 1983." *Williams v. County of Cook*, 09-cv-0952, 2010 U.S. Dist. LEXIS 85809, *20 (N.D. Ill. Aug. 19, 2010) (Manning, J.) (citing *Antonelli*, 81 F.3d at 1430). Here, the Defendants' alleged failure "to provide him with his requested relief is not a constitutional violation." *James*, 2010 U.S. Dist. LEXIS 96811 at *5.

In order for liability to exist under Section 1983, there must be an underlying constitutional injury. *Evans v. City of Chicago*, 10-cv-542, 2010 U.S. Dist. LEXIS 78991, *10 (N.D. Ill. Aug. 5, 2010) (Zagel, J.) (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Failure to obey an internal grievance policy is not, by itself, a constitutional violation. *See Antonelli*, 81 F.3d at 1430; *Williams*, 2010 U.S. Dist. LEXIS 85809 at *20; *James*, 2010 U.S. Dist. LEXIS 96811 at *5. Furthermore, as discussed above in Part I-A, Plaintiff does not state a claim for denial of necessary medical treatment because he did not suffer a significant injury as a result of Defendants' alleged ignoring of his grievance.

Accordingly, Plaintiff Knox, by failing to claim a constitutionally-cognizable injury, has failed to state a *Monell* claim against Cook County and his Count IV should be dismissed.

**IV.** **This Court should bifurcate and stay discovery on *Monell* topics unless and until there is a finding of constitutional violation.**

In the alternative, this Court should order that Plaintiff's *Monell* claim against Cook County (Count IV) be bifurcated from the other claims and its discovery stayed until further order of the Court. This Court may order a separate trial for one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite or economize." Fed. R. Civ. P. 42(b). "The ultimate decision to bifurcate under Rule 42(b) is at the court's discretion . . ."

*Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1998); *see also Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

It is well-settled that governmental employees cannot be held liable in their official capacities in a Section 1983 action unless the Plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official policy, custom or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

> [A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that a government as an entity is responsible under Section 1983.

*Monell*, at 694.

Plaintiff must allege a "specific pattern or series of incidents that support the general allegation" that a policy, custom or practice was in existence in the governmental entity. *Hossman v. Blunk*, 784 F.2d 793, 796 (7th Cir. 1986). Further, Plaintiff must show that the County's policy or practice is the "direct cause" or "moving force" of his alleged constitutional injury. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010).

In the case at bar, bifurcation of the *Monell* issue would expedite and economize this Court's proceedings in accordance with Rule 42(b). Bifurcating and staying the *Monell* count will avoid potentially expensive discovery and litigation that would be for naught if Plaintiff is unable to establish that he suffered a constitutional violation. "Litigating *Monell* claims can be time consuming and expensive[.]" James G. Sotos, *City's Practices Didn't Cause Officer's Use of Force*, Chicago Daily Law Bulletin, August 12, 2010, at 5. This unnecessary expense would be borne by the taxpayers of Cook County.

This Court should bifurcate and stay Plaintiff's *Monell* count against Cook County until such time as he can demonstrate that he suffered a constitutional violation.

## CONCLUSION

WHEREFORE, for the foregoing reasons, this Court should dismiss, with prejudice, Plaintiff's Amended Complaint against Defendants Sims and Cook County. In the alternative, the Court should order discovery of *Monell* topics be bifurcated and stayed until Plaintiff is able to show that he suffered a constitutionally-cognizable injury.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Il 60602
(312) 603-1422