**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VANDAIRE KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 1186 |
| | ) | |
| vs. | ) | District Judge |
| | ) | Robert W. Gettleman |
| KEVIN E. SIMS, in his individual capacity, et al., | ) | |
| | ) | Magistrate Judge |
| Defendants. | ) | Martin C. Ashman |

**DEFENDANT COOK COUNTY SHERIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, TO BIFURCATE *MONELL* CLAIMS**

NOW COMES the Defendant, COOK COUNTY SHERIFF, a local government body, by its attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Scott A. Nehls, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Complaint for the failure to state a claim upon which relief may be granted. In support thereof, the Defendant states as follows:

**INTRODUCTION**

The Plaintiff, Vandaire Knox, brings this action under the Civil Rights Act, Title 42 Section 1983 of the United States Code and alleges that Defendant, Cook County Sheriff, has a grievance policy that results in deliberate medical indifference in this instance and others. (Complaint at ¶ 73, 80-82). Plaintiff claims to suffer from a knee injury, seizures, and back pain. (Complaint at ¶ 24-31). Plaintiff asserts, "[u]pon information and belief," that Defendant has not responded to similar grievances of medical conditions, but Plaintiff has attached no documentary proof of this policy to his Complaint.

**STANDARD OF REVIEW**

"A dismissal under Rule 12(b)(6) is required if the facts pleaded in the complaint fail to describe a claim that is plausible on its face." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010) (citing *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949-50 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Although, on a motion to dismiss, courts must take all of the factual allegations in the complaint as true, judges "are not bound to accept as true a legal conclusion couched as a factual allegation.")).

"The allegations in the complaint 'must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *George v. NCAA*, 2010 U.S. App. LEXIS 14571, *5 (7th Cir. July 16, 2010) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); *Twombly*, 550 U.S. at 555). Further, a plaintiff can "unwittingly plead himself out of court by asserting facts that preclude relief." *White v. Monohan*, 326 Fed. Appx. 385, 387 (7th Cir. 2009).

**ARGUMENT**

I. **Plaintiff's *Monell* count against Cook County Sheriff does not state a claim upon which relief can be granted.**

Plaintiff claims, pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), that he was deprived of his "right to receive necessary medical treatment" by "the Cook County Sheriff['s] custom of completely ignoring detainee medical requests that do not present severe and life-threatening medical concerns." (Pl. Am. Compl., Dkt. 18, ¶¶ 81-82.) Notwithstanding Plaintiff's allegations, he has failed to state a claim upon which relief can be granted. As an

initial matter, a jail's grievance procedures cannot give rise to a Section 1983 violation, in and of themselves. *James v. Ill. Dep't of Corr.*, 10-cv-067, 2010 U.S. Dist. LEXIS 96811, *5 (S.D. Ill. Sept. 16, 2010). This is particularly the case where the Defendant's grievance policy properly referred medical concerns to medical personnel. Finally, Plaintiff has failed to allege an underlying constitutional violation upon which relief can be granted. (Pl. Am. Compl., Dkt. 18, ¶¶ 81-82.)

      A.    The Cook County Sheriff's Grievance Policy and its use of referrals to divide labor does not amount to a *per se* Section 1983 violation.

Under federal law, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *James v. Ill. Dep't of Corr.*, 10-cv-067, 2010 U.S. Dist. LEXIS 96811, *5 (S.D. Ill. Sept. 16, 2010) (quoting *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995)). "[T]he failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution." *James*, at *5 (citing *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982)). "Any right to a grievance is a procedural one, not substantive. Correctional officials' failure to process the plaintiff's grievances is therefore not actionable under Section 1983." *Williams v. County of Cook*, 09-cv-0952, 2010 U.S. Dist. LEXIS 85809, *20 (N.D. Ill. Aug. 19, 2010) (Manning, J.) (citing *Antonelli*, 81 F.3d at 1430).

Here, the Defendants' alleged failure "to provide him with his requested relief is not a constitutional violation." *James*, 2010 U.S. Dist. LEXIS 96811 at *5. This is particularly the case where the alleged failure is owing to a division of labor acknowledged in law and fact. As stated by Chief Judge Easterbrook,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one

3

> employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. . . . The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (citing *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993)). Consistent with this division of labor, Defendant Cook County Sheriff referred Plaintiff's medical requests and medical grievances to Cermak Health Services and their medical professionals. (Pl. Am. Compl., Dkt. 18, Exhibit D.) Although Plaintiff contends he appealed his November grievance and never received a response, he has attached no affirmative proof of this. More importantly, Plaintiff states in his Facts section that in April 2010, he was informed by a Cermak employee, Dr. Baker, that "Cermak scheduled Knox for physical therapy months ago, but Cermak failed to take Knox to the scheduled sessions." (Pl. Am. Compl., Dkt. 18, ¶¶ 55.) Shortly after being informed of this alleged error, Plaintiff began receiving physical therapy. (Pl. Am. Compl., Dkt. 18, ¶¶ 56.)

     Assuming *arguendo* that the Defendant's grievance procedure was not followed in this particular instance, it would still not amount to a Section 1983 violation. As discussed above, a failure to follow a grievance policy is not a *per se* ground for Section 1983 relief. *James*, 2010 U.S. Dist. LEXIS 96811 at *5. Section 1983 liability requires an underlying constitutional injury above and beyond any alleged failure to follow a grievance policy. As discussed below, no such injury exists.

4

B.  Plaintiff has not alleged an underlying constitutional injury under Section 1983 against Defendant Cook County Sheriff upon which relief can be granted.

In order for liability to exist under Section 1983, there must be an underlying constitutional injury. *Evans v. City of Chicago*, 10-cv-542, 2010 U.S. Dist. LEXIS 78991, *10 (N.D. Ill. Aug. 5, 2010) (Zagel, J.) (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). As discussed above, failure to obey an internal grievance policy is not, by itself, a constitutional violation. (*Supra* I. Part A). Notwithstanding this, Plaintiff has failed to allege any other constitutional violation against Defendant. Instead, Plaintiff premises Section 1983 liability against Defendant on the basis of alleged medical concerns that he admits are neither "serious" nor "life-threatening." (Pl. Am. Compl., Dkt. 18, ¶¶ 63-65, 81-82.) Under Section 1983, only medical concerns that are objectively serious are actionable.

Under federal law "[a]n objectively serious medical condition is one that 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Gayton*, 593 F.3d at 620 (7th Cir. 2010) (quoting *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008)). "A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Id*.

In the case at bar, Plaintiff claims he suffered from a knee injury in Spring 2006. (Dkt. 18, ¶ 13.) Plaintiff further claims that he suffered from seizures and back pain. (Dkt. 18, ¶ 27.) However, he does not allege that any of these conditions are objectively serious. Plaintiff alleges that at some point between September 5 and October 12, 2009, he experienced "excruciating" pain in his knee, which prevented him from "walking properly." (Dkt. 18, ¶ 36.) Notwithstanding these allegations and others, Plaintiff pled himself out of court when he claimed that his conditions do "*not* present severe or life-threatening medical concerns." (Dkt. 18, ¶ 81,)

5

(emphasis added). Plaintiff alleges further that Defendant's failure to respond to grievances that are *not* severe "proximately caused the deprivation of Knox's right to receive necessary medical treatment." (Dkt. 18, ¶ 82.) Through these statements, Plaintiff pleads that his conditions are not a severe medical concern.

Absent an "objectively serious" medical condition, Plaintiff has no underlying constitutional violation actionable under Section 1983[1]. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Where the underlying constitutional violation is without merit, the *Monell* claim premised upon it must also fail. Through his pleadings, Plaintiff has pleaded himself out of court, and his claim must be dismissed for failing to state a claim upon which relief can be granted.

Accordingly, Plaintiff Knox, by failing to claim a constitutionally-cognizable injury, has failed to state a *Monell* claim against Cook County Sheriff and his Count III should be dismissed.

II. **This Court should bifurcate and stay discovery on *Monell* topics unless and until there is a finding of constitutional violation.**

In the alternative, this Court should order that Plaintiff's *Monell* claim against Cook County Sheriff be bifurcated from the other claims and its discovery stayed until further order of the Court. This Court may order a separate trial for one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite or economize." Fed. R. Civ. P. 42(b). "The ultimate decision to bifurcate under Rule 42(b) is at the court's discretion . . . ." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1998); *see also Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

It is well-settled that governmental employees cannot be held liable in their official capacities in a Section 1983 action unless the Plaintiff can show that he suffered injuries of a

---

[1] *See* Defendant Sims and Cook County's Memorandum in Support of their Motion to Dismiss for fully articulated explanation of the deficiency of Plaintiff's Complaint against Defendant Sims. (Dkt. #37.)

6

constitutional magnitude as the result of an official policy, custom or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

> [A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that a government as an entity is responsible under Section 1983.

*Monell*, at 694.

Plaintiff must allege a "specific pattern or series of incidents that support the general allegation" that a policy, custom or practice was in existence in the governmental entity. *Hossman v. Blunk*, 784 F.2d 793, 796 (7th Cir. 1986). Further, Plaintiff must show that the Sheriff's policy or practice is the "direct cause" or "moving force" of his alleged constitutional injury. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010).

In the case at bar, bifurcation of the *Monell* issue would expedite and economize this Court's proceedings in accordance with Rule 42(b). Bifurcating and staying the *Monell* count will avoid potentially expensive discovery and litigation that would be for naught if Plaintiff is unable to establish that he suffered a constitutional violation. "Litigating *Monell* claims can be time consuming and expensive[.]" James G. Sotos, *City's Practices Didn't Cause Officer's Use of Force*, Chicago Daily Law Bulletin, August 12, 2010, at 5. This unnecessary expense would be borne by the taxpayers of Cook County.

This Court should bifurcate and stay Plaintiff's *Monell* count against Cook County Sheriff until such time as he can demonstrate that he suffered a constitutional violation.

## CONCLUSION

WHEREFORE, for the foregoing reasons, this Court should dismiss, with prejudice, Plaintiff's Amended Complaint against Defendant Cook County Sheriff. In the alternative, the

Court should order discovery of *Monell* topics be bifurcated and stayed until Plaintiff is able to show that he suffered a constitutionally-cognizable injury.

                                                Respectfully Submitted,

                                                ANITA ALVAREZ
                                                State's Attorney of Cook County

By:    /s/ *Scott Nehls*
            Scott Nehls
            Assistant State's Attorney
            500 Richard J. Daley Center
            Chicago, IL 60602
            (312) 603-3473